
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SHEAR LYLES,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1524 |
| GREYHOUND BUS LINES, *et al.*,<br>    Defendants. | : | |

MEMORANDUM

SCOTT, J.                                                                                                                      JUNE 10, 2024

*Pro se* Plaintiff Michael Shear Lyles, currently incarcerated at SCI Waymart, filed a Complaint against Defendants Greyhound Bus Lines ("Greyhound") and Allied Universal Security ("Allied"). Lyles seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Lyles leave to proceed *in forma pauperis* and dismiss his Complaint upon screening.[1]

I.     FACTUAL ALLEGATIONS[2]

Lyles claims that early one morning in May 2022, he was in the Greyhound terminal in Philadelphia. (Compl. at 2.) He "had his cell phone plugged in to [an] outlet and a small bag with other items." (*Id.* at 3.) He went outside to "see if there was movement at the train station across the street," leaving behind his phone and bag. (*Id.*) He alleges that when he tried to come

---

[1] Lyles submitted his *in forma pauperis* application without his institutional account statement. Prison officials did, however, certify his current balance and average account balance and deposits for the relevant period. (*See* ECF No. 4 at 3.) The Court will accept this submission as substantial compliance with 28 U.S.C. § 1915(a)(2).

[2] The facts set forth in this Memorandum are taken from Lyles's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

back into the terminal to retrieve his property, a security guard from Allied told him that he could not come in. (*Id.*) He claims that after he told the Allied security guard to "act in a more professional manner," the Allied security guard "punched Mr. Lyles in the face with a Glove coated with Pepper Spray," then "pulled out a handgun and made a threat to shoot Mr. Lyles." (*Id.*) Lyles then "realized that his mouth was bleeding and his front tooth was loose," so he later filed a criminal complaint with the Philadelphia police. (Id. at 3-4.)

Based on these allegations, Lyles asserts federal constitutional claims pursuant to 42 U.S.C. § 1983, as well as state tort claims. For relief, he seeks an unspecified amount of compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court grants Lyles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

---

[3] However, as Lyles is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Lyles is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

Lyles brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the

state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Nothing in the Complaint suggests that either of the Defendants are state actors. Lyles makes no allegations against Greyhound or Allied specifically; instead, he appears to be attempting to hold them liable for the actions of the Allied-employed security guard. Although he asserts that the Allied security guard "usurped his authority[] by acting as an officer of the law" (Compl. at 5) and "presented himself as a law enforcement officer," (*Id.* at 9), he also recognizes that the Allied security guard "was not a formal law-enforcement officer." (*Id.* at 5.) Moreover, courts have held that privately employed security guards are not state actors. *See, e.g., Kach*, 589 F.3d at 647-48 (holding that privately employed school security guard was not state actor because providing security is not an exclusively governmental function); *Marinari v. Trump Plaza Hotel & Casino, Sec. Second Shift*, No. 11-7172, 2012 WL 2087735, at *4 (D.N.J. June 8, 2012) (collecting cases and holding that where state or municipal police power is not involved, the actions of a privately employed security guard are not attributed to the State). Accordingly, the state-action requirement of § 1983 is not met, and Lyles's federal claims will be dismissed.

Due to the dismissal of the federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Lyles is incarcerated in Pennsylvania and does not allege the state of his domicile prior to incarceration. "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). He provides only Pennsylvania addresses for the Defendants. (Compl. at 1-2.) He does not state a dollar amount for the relief he seeks, which is also a jurisdictional requirement. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395-96 (3d Cir. 2016) (explaining that the party seeking to invoke diversity jurisdiction under § 1332(a) must plead in good faith that the amount in controversy exceeds $75,000). Thus, it appears that diversity jurisdiction is lacking over this action. Accordingly, any state law claims will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lyles leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lyles's federal claims will be dismissed with prejudice. Lyles's state-law claims will be dismissed without prejudice for lack of subject matter

jurisdiction. Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order will be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

_____
**KAI SCOTT, J.**